## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MARY O'GORMAN | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM J. GREIM, JR; and DONALD | ) | DEMAND FOR JURY TRIAL |
| A. COX, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, ANGELA MARY O'GORMAN, by and through counsel, and for her Complaint against the Defendants, WILLIAM J. GRIEM JR. and DONALD A. COX, states to this Honorable Court as follows:

### INTRODUCTION

1.      This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.      According to 15 U.S.C. § 1692:

    a.      There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

1

b.      Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.      Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.      Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.      It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      This Court has jurisdiction over the Defendants by virtue of the fact that they are engaged in the business of collecting debts in this judicial district.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff, AMGELA MARY O'GORMAN  (hereinafter referred to as "Plaintiff") is an individual who resides in the City of St. Louis, State of Missouri.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7.      Plaintiff  is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that she is a natural person alleged to owe a debt;

8.      Plaintiff is informed and believes, and thereon alleges that Defendant, WILLIAM J. GREIM, JR. (hereinafter referred to as "GREIM") is or was at all relevant times an attorney licensed to practice law in the state of Missouri and his principal offices are located at 1902 W. Jesse James Rd., Excelsior Springs, Missouri 64024.  GREIM may be served at his principal offices.  The principal business of GREIM is the collection of debts using the mails and telephone, and GREIM regularly attempts to collect debts alleged to be due another.  GREIM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.      Plaintiff is informed and believes, and thereon alleges that Defendant, DONALD A. COX (hereinafter referred to as "COX") is an attorney licensed to practice law in the state of Ohio and his principal office is located at 7419 State Route 104, Lockbourne, Ohio 43137.  COX may be served at his principal offices.  The principal business of COX is the collection of debts using the mails and telephone, and COX regularly attempts to collect debts alleged to be due another.  COX is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10.      At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service,

employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

11.     On a date or dates unknown to Plaintiff, she is alleged to have incurred a financial obligation to US Bank (hereinafter the "alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.§ 1692a(5).

12.     Plaintiff has no knowledge of a debt owed to US Bank. If she does owe a debt to US Bank, it would have been incurred and defaulted on over ten years ago.

13.     Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was allegedly sold to Regent Asset Management Solutions, Inc. (hereinafter "Regent").

14.     Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was transferred to Defendants for collection from Plaintiff.

15.     Thereafter, Defendants sent a collection letter dated October 16, 2009 to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.     A true and accurate copy of the October 16, 2009 collection letter is attached hereto as Exhibit "A," and by this reference is incorporated herein.

17.     The collection letter dated October 16, 2009 (Exhibit "A) was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the alleged debt to US Bank.

18.     The collection letter dated October 16, 2009 (Exhibit "A) was on the letterhead of

GREIM's office.

19.     The collection letter dated October 16, 2009 (Exhibit "A) represented that the balance was $858.87.

20.     The collection letter dated October 16, 2009 (Exhibit "A) indicated that the letter was from COX.

21.     The collection letter dated October 16, 2009 (Exhibit "A) was unsigned.

22.     The collection letter dated October 16, 2009 (Exhibit "A) represented or implied that Plaintiff's account had been reviewed by Defendants.

23.     Plaintiff is informed and believes and thereon alleges that Defendants did not conduct a professional review of the Plaintiff's account before sending the collection letter dated October 16, 2009 (Exhibit "A") to Plaintiff.  See *Cloman v. Jackson,* 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

24.     Plaintiff is informed and believes, and thereon alleges that the collection letter dated October 16, 2009 (Exhibit "A) misrepresented the role and involvement of legal counsel.

25.     Plaintiff is informed and believes, and thereon alleges that the collection letter dated October 16, 2009 (Exhibit "A) misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

26.     On or about November 13, 2009, Plaintiff responded to the October 16, 2009 letter. A true and accurate copy of Plaintiff's November 13, 2009 letter is attached hereto as Exhibit "B," and by this reference is incorporated herein.

27.     In her November 13, 2009 letter (Exhibit "B"), Plaintiff requested verification of the information contained in the Defendants' October 16, 2009 (Exhibit "A) letter.

28.     As of the date of this Complaint, Plaintiff has not received verification of the information in the October 16, 2009 letter (Exhibit "A") from Defendants.

29.     On or about March 5, 2010, Regent sent Plaintiff a collection letter.  A true an accurate copy of the March 5, 2010 collection letter is attached hereto as Exhibit "C," and by this reference is incorporated herein.

30.     The March 5, 2010 letter (Exhibit "C"), Regent, the alleged creditor, represented that the balance on the account was $761.14.

31.     The collection letter dated October 16, 2009 letter (Exhibit "A"), represented that the amount due was $858.87.

32.     Plaintiff is informed and believes, and thereon alleges that the collection letter dated October 16, 2009 (Exhibit "A") misrepresented the amount of the debt by stating the balance was higher than the actual amount due

33.     Plaintiff is informed and believes, and thereon alleges that the collection letter dated October 16, 2009 (Exhibit "A") misrepresented the true balance of the debt, thereby making false statements in an attempt to collect a debt.

34.     The collection letter dated October 16, 2009 (Exhibit "A") represented that Defendants intended to file a lawsuit against Plaintiff to collect the alleged debt.

35.     Plaintiff is informed and believes, and thereon alleges that the alleged debt was incurred and defaulted on over ten years ago, and was therefore time barred under Missouri law. R.S.Mo. §§ 516.110, 516.120, 516.120, 516.140, 516.145

36.     Plaintiff is informed and believes, and thereon alleges that the collection letter dated October 16, 2009 (Exhibit "A"), misrepresented the actions Defendants were allowed to take under

6

the law while attempting to collect the debt.

37.     Plaintiff is informed and believes, and thereon alleges that in the collection letter dated October 16, 2009 (Exhibit "A"), Defendants made false statements about their ability to collect the debt.

38.     The October 16, 2009 collection letter (Exhibit "A"), represented that Defendants had the right to collect contract interest on the alleged debt.

39.     Plaintiff is informed and believes, and thereon alleges that there is no contract pertaining to the alleged debt, and therefore no contract interest may be collected.

40.     Plaintiff is informed and believes, and thereon alleges that the October 16, 2009 collection letter (Exhibit "A"), misrepresented the amount of the debt by falsely stating contract interest could be collected.

41.     Plaintiff is informed and believes, and thereon alleges that the October 16, 2009 collection letter (Exhibit "A"), misrepresented the interest which could be collected, making false statements in an attempt to collect the debt.

42.     The October 16, 2009 collection letter (Exhibit "A"), represented that Defendants had the right to an attorney fees equal to 15% of the alleged debt.

43.     Plaintiff is informed and believes, and thereon alleges that there is no basis in law or contract for Defendants to charge a 15% attorney fee.

44.     Plaintiff is informed and believes, and thereon alleges that Defendants did not perform any services upon which they earned a 15% attorney fee.

45.     Plaintiff is informed and believes, and thereon alleges that the October 16, 2009 collection letter (Exhibit "A"), misrepresented the amount of attorney fees Defendants were entitled

7

to collect.

46.     Plaintiff is informed and believes, and thereon alleges that the October 16, 2009 collection letter (Exhibit "A"), misrepresented the attorney fees which could be collected, making false statements in an attempt to collect the debt.

47.     The October 16, 2009 collection letter (Exhibit "A"), represented that Defendant COX was licensed to practice law in the state of Missouri.

48.     Plaintiff is informed and believes, and thereon alleges that Defendant COX is not licensed to practice law in the state of Missouri.

49.     Plaintiff is informed and believes, and thereon alleges that the October 16, 2009 collection letter (Exhibit "A"), misrepresented Defendant COX's status as a licensed attorney in Missouri.

50.     Plaintiff is informed and believes, and thereon alleges that the October 16, 2009 collection letter (Exhibit "A"), misrepresented Defendant COX's status as an attorney licensed in the State of Missouri, thereby making false statements in an attempt to collect a debt.

## VIOLATIONS OF THE FDCPA

51.     Plaintiff re-alleges the allegations contained in paragraphs Nos. 1 through 50 of her Complaint and incorporates the same by reference as though fully set forth herein;

52.     Defendants' acts and omissions violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1).

53.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

54.     Defendant, GREIM is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

55.     Defendant, COX is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

56.     The financial obligation allegedly owed by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

57.     In its attempt to collect upon the alleged debt from Plaintiff, Defendants have committed violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*., including, but not limited to, the following:

> a.     Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10);
>
> b.     Defendants falsely represented or implied that the communications were from an attorney, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);
>
> c.     Defendants falsely represented or implied that attorney GREIM had reviewed Plaintiff's file when GREIM had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);
>
> d.     Defendants falsely represented or implied that attorney COX had reviewed Plaintiff's file when COX had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);
>
> e.     Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

9

f.      Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

g.      Defendants attempted to collect amounts which were not expressly authorized by an agreement creating the debt or permitted by law,  in violation of 15 U.S.C. §§ 1692f and 1692f(1);

h.      Defendants falsely represented the services rendered or compensation which may lawfully be received by Defendants for the collection of the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B) and 1692e(10);

i.      Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

j.      Defendants falsely threatened a the pending or imminent filing of a lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10);

k.      Defendants falsely represented the legal right to sue Plaintiff on the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

l.      Defendants failed to send Plaintiff a written notice containing a statement of the amount of the debt being collected, in violation of 15 U.S.C. § 1692g(a)(1);

m.   Defendants falsely represented that Defendant COX was licensed to practice law in the State of Missouri, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

58.   As a result of the Defendants' actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.   Assume jurisdiction in this proceeding;

b.   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1);

c.   Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d.   Award Plaintiff her statutory damages in an amount not exceeding $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.   Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

f.   Award Plaintiff such other and further relief as may be just and proper.

By: /s/ Jovanna R. Longo
Jovanna R. Longo, EDMO#5230089
Longo Law Firm
3394 McKelvey Road #107
Bridgeton, Missouri  63044
Tel:  (314) 827-4313
Fax: (314) 219-8566
Email: jovanna@longolawfirm.com