FILED

FEB - 2 2011

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARY O'GORMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM J. GREIM, JR; and DONALD )<br>A. COX, )<br>)<br>Defendants. ) | Case No. 4:10-CV-1948 (CEJ) |

DEFENDANT WILLIAM J. GREIM'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant William J. Greim, Jr., and for his Answer to Plaintiff Angela Mary O'Gorman's Complaint states that:

1. Defendant Greim admits the averments contained in Paragraph 1 of Plaintiff Angela Mary O'Gorman's Complaint.

2. Defendant Greim admits the averments contained in Paragraph 2.

3. Defendant Greim admits the averments contained in Paragraph 3.

4. Defendant Greim denies the allegations and averments contained in Paragraph 4.

5. Defendant Greim denies the allegations and averments contained in Paragraph 5.

6. Defendant Greim admits the allegations and averments contained in Paragraph 6.

7. Defendant Greim admits the allegations and averments contained in Paragraph 7.

8. Defendant Greim admits in part and denies in part. Defendant Greim admits that he is an attorney licensed to practice law in the State of Missouri, that his principal and only office is located at 1902 W. Jesse James Rd., Excelsior Springs, Missouri 64024. Defendant Greim denies that his principal business is the collection of debts using the mails and telephone. Defendant Greim denies that he regularly attempts to collect debts alleged to be due another. Defendant Greim denies that he is a "debt collector" within the meaning of 15 U.S.C. $ 1692a(6). Defendant denies all other averments and allegations not specifically addressed contained in Paragraph 8.

9. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 9, and therefore denies all. Further answering, Defendant Greim states that he has no knowledge of Defendant Cox's status an attorney, is business location, the nature of his business or his association with Regent Asset Management.

10. Defendant Greim denies the allegations and averments contained in Paragraph 10. Further answering, Defendant Greim states the following:

   a. Defendant Greim was retained by Regent Asset Management to appear in court on its behalf on Missouri cases filed against its alleged debtors.

   b. Defendant Greim has no knowledge of Defendant Donald A. Cox, as previously stated.

  c. Defendant Greim did not attempt to collect a debt from Plaintiff Angela Mary O'Gorman in that he had no knowledge of any communications regarding said alleged debt were ever sent to her.

  d. Defendant Greim ended his relationship with Regent Asset Management when it became known to Defendant Greim that people such as Angela Mary O'Gorman were receiving letters from Regent Asset Management that appeared to have been from Defendant Greim.

11. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 11, and therefore denies all.

12. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 12, and therefore denies all.

13. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 13, and therefore denies all.

14. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 14, and therefore denies all.

15. Defendant Greim admits the averments and allegations contained in Paragraph 15 are correct with respect to other actors, but denies any such communication occurred on his behalf. Further answering, Defendant Greim states that he was never presented with Plaintiff's Exhibit A for review, nor was he informed that Regent Asset Management would be sending any such letters in Defendant Greim's name to alleged debtors.

16. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 16, and therefore denies all.

17. Defendant Greim is without sufficient knowledge to admit or deny the allegations and averments contained in Paragraph 17, and therefore denies all.

18. Defendant Greim denies the averments and allegations contained in Paragraph 18. Further answering, Defendant Greim did not consent to Regent Asset Management using his name on any letterhead for any such letters. Also, the letterhead used on Plaintiff's Exhibit A does not contain the correct address, telephone number or fax number for Defendant Greim's law office.

19. Defendant Greim admits the averments and allegations contained in Paragraph 19.

20. Defendant Greim admits the averments and allegations contained in Paragraph 20.

21. Defendant Greim admits the averments and allegations contained in Paragraph 21.

22. Defendant Greim admits the averments and allegations contained in Paragraph 22 are correct with respect to other actors, but denies any implication occurred on his behalf. Further answering, Defendant Greim states that he was never presented with Plaintiff's Exhibit A for review, nor was he informed that Regent Asset Management would be sending any such letters in Defendant Greim's name to alleged debtors.

23. Defendant Greim admits the averments and allegations contained in Paragraph 23 are correct with respect to himself, but has insufficient knowledge with respect to other actors. Further answering, Defendant Greim states that he had not reviewed Plaintiff's account and he did not have any knowledge that

Exhibit A was sent to Plaintiff. Defendant Greim is without sufficient knowledge as to whether Defendant Cox or any other actor ever conducted a professional review of the Plaintiff's account, or whether Defendant Cox had any knowledge that Exhibit A was sent to Plaintiff.

24. Defendant Greim admits the averments and allegations contained in Paragraph 22 are correct with respect to other actors, but denies any misrepresentation occurred on his behalf. Further answering, Defendant Greim states that he was never presented with Plaintiff's Exhibit A for review, nor was he informed that Regent Asset Management would be sending any such letters in Defendant Greim's name to alleged debtors. Defendant Greim reiterates that he neither created nor reviewed Exhibit A prior to it being sent to the Plaintiff. Defendant Greim is unaware if any legal professional viewed Exhibit A before it was sent to the Plaintiff. Defendant Greim also reiterates that Exhibit A improperly states his law office's address, telephone number and fax number.

25. Defendant Greim admits the averments and allegations contained in Paragraph 25 are correct with respect to other actors, but denies any misrepresentation occurred on his behalf. Further answering, Defendant Greim states that he was never presented with Plaintiff's Exhibit A for review, nor was he informed that Regent Asset Management would be sending any such letters in Defendant Greim's name to alleged debtors. Defendant Greim reiterates that he neither created nor reviewed Exhibit A prior to it being sent to the Plaintiff. Defendant Greim is unaware if any legal professional viewed Exhibit A

       before it was sent to the Plaintiff.  Defendant Greim also reiterates that Exhibit A improperly states his law office's address, telephone number and fax number.

26. Defendant Greim is without sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 26, and therefore denies all. Further answering, Defendant Greim states that he never received Plaintiff's Exhibit B, due to the fact that it was not sent to his law office.  Defendant Greim's law office, as Plaintiff herself alleges in her Complaint in Paragraph 1, is located at 1902 W. Jesse James Rd, Excelsior Springs, Missouri 64024.

27. Defendant Greim is without sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 27, and therefore denies all. Further answering, Defendant Greim states that he never received Plaintiff's Exhibit B, due to the fact that it was not sent to his law office.  Defendant Greim's law office, as Plaintiff herself alleges in her Complaint in Paragraph 1, is located at 1902 W. Jesse James Rd, Excelsior Springs, Missouri 64024.

28. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 28, and therefore denies all.

29. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 29, and therefore denies.

30. Defendant Greim admits the averments and allegations contained in Paragraph 30.

31. Defendant Greim admits the averments and allegations contained in Paragraph 31.

32. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 32, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

33. Defendant Greim admits the averments and allegations contained in Paragraph 33 are correct with respect to other actors, but denies any misrepresentation occurred on his behalf. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

34. Defendant Greim admits the averments and allegations contained in Paragraph 34. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer

35. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35, and therefore denies all.

36. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 36, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

37. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

38. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

39. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

40. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 40, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

41. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 41, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

42. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 42, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

43. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 43, and therefore denies all. Further answering,

    Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

44. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 44, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

45. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 45, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

46. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 46, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

47. Defendant Greim admits the averments and allegations contained in Paragraph 47. Further answering, Defendant Greim reiterates the facts that he has never met with Defendant Cox, that he never reviewed Plaintiff's Exhibit A before it was sent to her, and that he had no knowledge such letter would be sent to the Plaintiff.

48. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 48, and therefore denies all.

49. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 49, and therefore denies all. Further answering,

        Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

50. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 49, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

51. Defendant Greim hereby incorporates his Answers in paragraphs 1 through 50 to the Plaintiff's Complaint, as if fully set forth herein.

52. Defendant Greim denies the allegations contained in Paragraph 52. Further answering, Defendant Greim states that he was retained by Regent Asset Management to appear on their behalf in various Missouri courts for suits to be filed against the company's debtors. Defendant Greim was never given notice that his name would appear on letters such as the Plaintiff's Exhibit A. Defendant Greim never received Plaintiff's Exhibit B, for reasons previously stated.

53. Defendant Greim admits the averments and allegations contained in Paragraph 53.

54. Defendant Greim denies the averments and allegations contained in Paragraph 54, and specifically denies that he is a "debt collector" within the meaning of 15 U.S.C. $ 1692a(6).

55. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 55, and therefore denies all. Further answering,

        Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

56. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 56, and therefore denies all. Further answering, Defendant Greim reiterates all previous statements regarding his lack of knowledge of Plaintiff's Exhibit A in this Answer.

57. Defendant Greim lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 57, and therefore denies all.

    a. Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart a, and therefore denies all.

    b. Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart b, and therefore denies all.

    c. Defendant Greim admits the averments and allegations contained in Paragraph 57, subpart c, are correct with respect to other actors, but denies any such false implication on his behalf. Further answering, Defendant Greim states that he was never presented with Plaintiff's Exhibit A for review, nor was he informed that Regent Asset Management would be sending any such letters in Defendant Greim's name to alleged debtors.

    d. Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart d, and therefore denies all.

e.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart e, and therefore denies all.

f.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart f, and therefore denies all.

g.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart g, and therefore denies all.

h.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart h, and therefore denies all.

i.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart i, and therefore denies all.

j.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart j, and therefore denies all.

k.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart k, and therefore denies all.

    l.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart l, and therefore denies all.

    m.  Defendant Greim lacks sufficient knowledge to admit or deny the averments and allegations contained in Paragraph 57, subpart m, and therefore denies all.

58.  Defendant Greim denies the averments and allegations contained in Paragraph 58.

WHEREFORE, having fully answered, Defendant requests an order from this Court that Plaintiff take nothing by Plaintiff's complaint from Defendant Greim.

Respectfully submitted,

/s/ William J. Greim, Jr.
William J. Greim, Jr. #58790
1902 W. Jesse James Road,
Excelsior Springs, MO 64024
(816) 630-6525    (816) 630-0305 FAX
bgreim33@yahoo.com

PRO SE DEFENDANT

## AFFADAVIT

STATE OF MISSOURI  )
                   ) SS.
COUNTY OF CLAY     )

William J. Greim, Jr., being duly sworn on his oath, states that he is the Defendant named herein above, and that the statements contained therein are true and correct to the best of his knowledge and belief.

_____
William J. Greim, Jr.

Subscribed and sworn to before me, the undersigned Notary Public, on this 31st day of January, 2011.

_____
Notary Public

My Commission Expires:

KELLY WAYMAN
Notary Public, State of Missouri
Ray County
Commission # 07033530
My Commission Expires April 11, 2011

## CERTIFICATION OF MAILING

I certify that a copy of the foregoing was sent by first-class U.S. Mail to Jovanna R. Longo at 3394 McKelvey Rd., Suite 107, Bridgeton, MO 63044 and via e-mail to jovanna@longolawfirm.com on this 31st day of January, 2011.

_____
William J. Greim, Jr.