UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARY O'GORMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:10-CV-1948 (CEJ) ) |
| WILLIAM J. GREIM, JR., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Donald A. Cox to dismiss plaintiff's complaint for failure to state a claim. Plaintiff has not responded to defendant's motion, and the time allowed for doing so has expired.

Plaintiff brings this action for alleged violation of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et. seq. Specifically, plaintiff alleges that defendant Cox sent her a letter on October 16, 2009 stating that a debt owed by plaintiff had been referred to the law office of defendant William J. Greim, Jr. for collection. Plaintiff has included a copy of the alleged letter as an exhibit to her complaint. (Doc. #1-1). Although there is no signature on the letter, the name and title "Donald A. Cox Attorney at Law" are typewritten at the bottom, along with a telephone number. Plaintiff alleges that this letter contained false statements in an attempt to collect a debt in violation of the FDCPA.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it

strikes a savvy judge that actual proof of those facts is improbable." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007) citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. <u>Id.</u> A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974.

Defendant Cox has stated no legal basis for his motion to dismiss. Indeed, Cox has failed to comply with Local Rule 4.01(A), which requires the filing of a memorandum in support of a motion. Assuming the allegations in the complaint are true, plaintiff has stated a claim for relief under the FDCPA.

Accordingly,

**IT IS HEREBY ORDERED** that the motion by defendant Donald Cox to dismiss plaintiff's complaint [Doc. #14] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2011.